Filed 4/23/15  P. v. Woods CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C077465 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13636) |
| v. | |
| ALFRED JEROME WOODS, | |
| Defendant and Appellant. | |

Defendant Alfred Jerome Woods pleaded no contest to second degree robbery. (Pen. Code, §§ 211, 212.5, subd. (c); further statutory references are to the Penal Code unless otherwise indicated.)  In exchange, an allegation that he personally used a firearm (§ 12022.5, subd. (a)) was dismissed.

Defendant was sentenced to prison for the upper term of five years, awarded 130 days' custody credit and 19 days' conduct credit (§ 2933.1) and ordered to pay a $280 restitution fine (§ 1202.4) plus correction fee, a $280 restitution fine suspended unless

parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

FACTS

Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report and the prosecutor's statement of factual basis for the plea.

On October 29, 2013, Ian Wallace met with defendant and Antwan Gilliam for the purpose of selling defendant two pounds of marijuana for $2,400. Gilliam was a codefendant at trial. He is not a party to this appeal.

Wallace and his small dog entered Gilliam's car to complete the transaction. But instead of tendering payment defendant pointed a semiautomatic handgun at Wallace and said they were stealing the marijuana. Defendant used the gun to strike Wallace's face while Gilliam used his fist for the same purpose. Defendant gathered Wallace's marijuana, keys, and cellular telephone. Defendant and Gilliam pulled Wallace from the car, forced him to the ground, and fled with the dog still in the car.

The next day, Wallace reported the robbery to the Yuba County Sheriff's Office. Deputies located Gilliam at his residence where they recovered the dog and several items stolen from Wallace.

Several months later, on May 2, 2014, defendant was taken into custody on an outstanding warrant.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.



                                                   HULL              , J.


We concur:


       BLEASE          , Acting P. J.


       RENNER         , J.